IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ACADIA PHARMACEUTICALS INC.,    )
    )
    Plaintiff,    )
    )    C.A. No. _____
    v.    )
    )
MSN LABORATORIES PRIVATE LTD.    )
and MSN PHARMACEUTICALS, INC.,    )
    )
    Defendants.    )

## COMPLAINT

Plaintiff ACADIA Pharmaceuticals Inc. ("ACADIA" or "Plaintiff"), for its Complaint against Defendants MSN Laboratories Private Limited ("MSN Labs") and MSN Pharmaceuticals, Inc. ("MSN Pharma") (collectively, "MSN" or "Defendants"), hereby alleges as follows:

## THE PARTIES

1.    ACADIA is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 12830 El Camino Real, Suite 400, San Diego, California 92130.

2.    Upon information and belief, MSN Labs is an entity organized and existing under the laws of India, having a principal place of business at MSN House, Plot No. C-24, Industrial Estate, Sanathnagar, Hyderabad, Telangana, 500018 India.

3.    Upon information and belief, MSN Pharma is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 20 Duke Road, Piscataway, New Jersey 08854.

4.    Upon information and belief, MSN Pharma is a wholly owned subsidiary of MSN Labs.

5.      Upon information and belief, MSN Pharma acts at the direction, and for the benefit, of MSN Labs and is controlled and/or dominated by MSN Labs.

6.      Upon information and belief, MSN Labs and MSN Pharma work in concert, either directly or indirectly, with respect to the regulatory approval, manufacturing, marketing, sale, and distribution of generic pharmaceutical products throughout the United States, including in the State of Delaware.

7.      Upon information and belief, MSN Labs and MSN Pharma have participated and collaborated in the preparation, filing, and seeking FDA approval of Abbreviated New Drug Application ("ANDA") No. 214925 for pimavanserin tartrate oral capsule, EQ 34 mg base ("the MSN Generic Product"); continue to participate and collaborate in seeking FDA approval of ANDA No. 214925; and intend to participate and collaborate in the commercial manufacture, marketing, offer for sale, and/or sale of the MSN Generic Product throughout the United States including in the State of Delaware.

## NATURE OF THE ACTION

8.      This is a civil action for infringement of United States Patent No. 11,452,721 ("the '721 patent" or "the patent-in-suit").  This action arises under the Patent Laws of the United States, 35 U.S.C. §§ 100 *et seq.*, as well as the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

## PROCEEDINGS CONCERNING RELATED PATENTS

9.      The '721 patent is related to U.S. Patent Nos. 10,646,480 ("the '480 patent") and 10,849,891 ("the '891 patent").

10.     The '480 patent and the '891 patent were asserted against MSN in consolidated Civil Action No. 20-985-GBW.

11.     On April 26, 2022, subject to all of ACADIA's rights to appeal, ACADIA and MSN stipulated to noninfringement of the asserted claims of the '480 patent and the '891 patent under the Court's construction of various terms.

12.     ACADIA and MSN also stipulated that MSN's unadjudicated defenses with respect to the '480 and '891 patents are dismissed without prejudice, and that MSN reserves and retains the right to reassert any such defenses in the future, including in the event of a reversal and remand to this Court following an appeal from final judgment entered in this case.

## JURISDICTION & VENUE

13.     The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), 2201, 2202, and 35 U.S.C. § 271.  The Court may declare the rights and other legal relations of the parties pursuant to 28 U.S.C. §§ 2201-02 because this case is an actual controversy within the Court's jurisdiction.

14.     In consolidated Civil Action No. 20-985-GBW, MSN did not contest subject matter jurisdiction in this Court.

15.     Upon information and belief, MSN Pharma is a Delaware corporation and has a registered agent in the State of Delaware, United States Corporation Agents, Inc., located at 221 North Broad Street, Suite 3A, Middletown, Delaware 19709.

16.     Venue is proper in this Court as to MSN Pharma under 28 U.S.C. §§ 1391(b), (c), (d), and/or 1400(b) because MSN Pharma is incorporated in Delaware and thus resides in this Judicial District.  MSN Pharma has also committed and will commit further acts of infringement in this Judicial District.  Venue is proper for the additional reasons set forth below, and for other reasons that will be presented to the Court if such venue is challenged.

17.     The Court has personal jurisdiction over MSN Pharma, and venue is proper in this Judicial District, by virtue of the facts that, *inter alia*, MSN Pharma is a Delaware corporation and

thus resides in Delaware and has committed, aided, abetted, contributed to, and/or participated in the commission of a tortious act of patent infringement under 35 U.S.C. § 271(e)(2) that has led to and/or will lead to foreseeable harm and injury to ACADIA, a Delaware corporation, including in the State of Delaware.  Upon information and belief, MSN Pharma intends to engage in the commercial manufacture, use, or sale of the MSN Generic Product under ANDA No. 214925 before the expiration of the patent-in-suit, throughout the United States, including in the State of Delaware.

18.     Upon information and belief, MSN Pharma has purposely availed itself of the privilege of doing business in Delaware, including by, *inter alia*, manufacturing and selling generic pharmaceutical products that are distributed throughout the United States, including in the State of Delaware, through its own actions, and through the actions of its agents and affiliates.

19.     The Court also has personal jurisdiction over MSN Pharma, and venue is proper in this Judicial District, by virtue of the fact that, upon information and belief, MSN Pharma maintains pervasive, continuous, and systematic contacts with the State of Delaware, including the marketing, distribution, and/or sale of generic pharmaceutical drugs in the State of Delaware, through its own actions and through the actions of its agents and affiliates.

20.     Venue is proper in this Court as to MSN Labs under 28 U.S.C. §§ 1391(b), (c), (d), and/or 1400(b) because, *inter alia*, MSN Labs, directly or indirectly through its subsidiaries, agents, and/or alter egos, has a regular and established place of business in the State of Delaware, including, at least, MSN Pharma, a wholly owned subsidiary incorporated in the State of Delaware, and has also committed and will commit further acts of infringement in this Judicial District. Venue is proper for the additional reasons set forth below, and for other reasons that will be presented to the Court if such venue is challenged.

21.     The Court has personal jurisdiction over MSN Labs, and venue is proper in this Judicial District, by virtue of the facts that, *inter alia*, MSN Labs wholly owns a subsidiary that is incorporated in the State of Delaware and has committed, aided, abetted, contributed to, and/or participated in the commission of a tortious act of patent infringement under 35 U.S.C. § 271(e)(2) that has led to and/or will lead to foreseeable harm and injury to ACADIA, a Delaware corporation, including in the State of Delaware.  MSN Labs has indicated that it intends, directly or indirectly through its subsidiaries, agents, and/or alter egos, to engage in the commercial manufacture, use, or sale of the MSN Generic Product under ANDA No. 214925 before the expiration of the patent-in-suit, throughout the United States, including in the State of Delaware.

22.     Upon information and belief, MSN Labs has purposely availed itself of the privilege of doing business in Delaware, including by, *inter alia*, manufacturing and selling generic pharmaceutical products that are distributed throughout the United States, including in the State of Delaware, through its own actions, and through the actions of its agents and affiliates, including, at least, MSN Pharma.

23.     MSN's website states that "MSN Group is the fastest growing research-based pharmaceutical company based out of India" with "nine API and five finished dosage facilities established across Hyderabad, USA and Myanmar." *Who We Are,* http://www.msnlabs.com/who-we-are.html (last visited October 21, 2022).  MSN's website also states that its "reach is now global – not just in markets, but [they] also have offices in New Jersey – USA . . . and a few other international locations." *Leader in Drug Development*, http://www.msnlabs.com/r-and-d.html (last visited October 21, 2022).

24.     The Court also has personal jurisdiction over MSN Labs, and venue is proper in this Judicial District, by virtue of the fact that, upon information and belief, MSN Labs maintains

pervasive, continuous, and systematic contacts with the State of Delaware, including the marketing, distribution, and/or sale of generic pharmaceutical drugs in the State of Delaware, through its own actions and through the actions of its agents and affiliates, including, at least, MSN Pharma. Upon information and belief, MSN Labs derives substantial revenue from selling generic pharmaceutical products throughout the United States, including in the State of Delaware.

25.    MSN's infringing actions with respect to the filing of ANDA No. 214925 and intent to commercialize the MSN Generic Product have led and/or will lead to foreseeable harm and injury to ACADIA.

26.    The Court also has personal jurisdiction over MSN Labs and MSN Pharma, and venue is proper in this Court because, *inter alia*, they have previously been sued together in this Judicial District and have not challenged personal jurisdiction or venue, and have purposefully availed themselves of the rights and benefits of the jurisdiction of the Court by filing counterclaims in this Judicial District. *See*, *e.g.*, *Vanda Pharm. Inc. v. MSN Pharm. Inc.*, C.A. No. 20-318-CFC (D. Del.) (MSN Labs and MSN Pharma did not contest jurisdiction and filed counterclaims); *Vanda Pharm. Inc. v. MSN Pharm. Inc.*, C.A. No. 20-235-CFC (D. Del.) (same); *Vanda Pharm. Inc. v. MSN Pharm. Inc.* C.A. No. 19-926-CFC (D. Del.) (same); *Genentech, Inc. v. MSN Labs. Private Ltd.*, C.A. No. 19-205-RGA (D. Del.) (same); *Boehringer Ingelheim Pharm. Inc. v. MSN Labs. Private Ltd.*, C.A. No. 18-1785-CFC-SRF (D. Del.) (same); *Biogen Int'l GmbH v. MSN Labs Private Ltd.*, C.A. No-18-337-MN (D. Del.) (same); *ACADIA Pharmaceuticals Inc. v. Aurobindo Pharma Ltd. et al.*, C.A. No. 20-985-GBW (D. Del.) (same).

27.    Alternatively, should the Court find that the above facts do not establish personal jurisdiction over MSN Labs in this action, this Court may exercise jurisdiction over MSN Labs pursuant to Fed. R. Civ. P. 4(k)(2) because: (a) ACADIA's claims arise under federal law; (b)

MSN Labs is a foreign defendant not subject to personal jurisdiction in the courts of any state; and (c) MSN Labs has sufficient contacts with the United States as a whole, including, but not limited to, submitting various ANDAs to the FDA, and manufacturing and selling active pharmaceutical ingredients that are used in the products distributed throughout the United States, such that this Court's exercise of jurisdiction over MSN Labs satisfies due process.

28.    In consolidated Civil Action No. 20-985-GBW, MSN did not contest venue in this Court.

29.    In consolidated Civil Action No. 20-985-GBW, MSN did not contest personal jurisdiction in this Court.

**ACADIA'S NDA AND THE '721 PATENT**

30.    ACADIA holds New Drug Application ("NDA") No. 210793 for oral capsules containing pimavanserin tartrate, Eq. 34 mg base as the active ingredient.  ACADIA exclusively manufactures, markets and sells these oral capsules in the United States under the brand name NUPLAZID®.

31.    On September 27, 2022, the '721 patent, entitled "Formulations of pimavanserin" was duly and legally issued.  A copy of the '721 patent is attached as Exhibit A.

32.    ACADIA owns the '721 patent.

33.    Pursuant to 21 U.S.C. § 355(b)(1), the '721 patent is listed in the FDA's *Approved Drug Products with Therapeutic Equivalence Evaluations* ("Orange Book") as covering NUPLAZID® Eq. 34 mg base or its use.

**MSN'S ANDA**

34.    Upon information and belief, MSN submitted ANDA No. 214925 to the FDA under 21 U.S.C. § 355(j).  Upon information and belief, MSN's ANDA No. 214925 seeks FDA approval to engage in the commercial manufacture, use, sale, or offer for sale within the United States, or

importation into the United States, of the MSN Generic Product prior to the expiration of the '721 patent.

35.    Upon information and belief, by filing ANDA No. 214925, MSN has certified to the FDA that the MSN Generic Product has the same active ingredient as NUPLAZID® Eq. 34 mg base and the same or substantially the same proposed labeling as NUPLAZID® Eq. 34 mg base.

36.    ACADIA received written notification of MSN's ANDA No. 214925 and its accompanying § 505(j)(2)(A)(vii)(IV) certification by four letters, one dated June 15, 2020 ("MSN's 6/15/20 Notice Letter"), one dated June 18, 2020 ("MSN's 6/18/20 Notice Letter"), one dated October 12, 2020 ("MSN's 10/12/20 Notice Letter"), and one dated April 15, 2021 ("MSN's 4/15/21 Notice Letter) (collectively, "MSN's Notice Letters").

37.    MSN's 6/18/20 Notice Letter represented that MSN certified in ANDA No. 214925 that the claims of the '480 patent, which is related to the patent-in-suit, are invalid or would not be infringed by the commercial manufacture, use, sale, or offer for sale of the MSN Generic Product.

38.    MSN's 4/15/21 Notice Letter represented that MSN certified in ANDA No. 214925 that the claims of the '891 patent, which is related to the patent-in-suit, are invalid or would not be infringed by the commercial manufacture, use, sale, or offer for sale of the MSN Generic Product.

39.    According to applicable regulations, Notice Letters such as MSN's Notice Letters must contain a detailed statement of the factual and legal bases for the applicant's opinion that the patent is invalid, unenforceable, or not infringed, which includes a claim-by-claim analysis, describing "[f]or each claim of a patent alleged not to be infringed, a full and detailed explanation of why the claim is not infringed" and "[f]or each claim of a patent alleged to be invalid or unenforceable, a full and detailed explanation of the grounds supporting the allegation."  *See* 21 C.F.R. § 314.95(c)(7); *see also* 21 C.F.R. § 314.52.

40.     On information and belief, MSN has not submitted any § 505(j)(2)(A)(vii)(IV) certifications ("Paragraph IV Notice Letter") concerning the '721 patent.

41.     This action is being commenced by ACADIA prior to receipt of any Paragraph IV Notice Letter from MSN concerning the '721 patent.

## COUNT I - INFRINGEMENT
## BY MSN LABS AND MSN PHARMA

42.     ACADIA re-alleges paragraphs 1-41 as if fully set forth herein.

43.     MSN's submission of ANDA No. 214925 to the FDA constituted infringement of the '721 patent under 35 U.S.C. § 271(e)(2)(A).

44.     Upon information and belief, MSN intends to and will engage in the commercial manufacture, use, sale, and/or offer for sale, within the United States, and/or import into the United States of the MSN Generic Product if it receives FDA approval of ANDA No. 214925.

45.     Upon information and belief, the commercial manufacture, use, sale and/or offer for sale, within the United States, and/or import into the United States of the MSN Generic Product prior to the expiration of the '721 patent will infringe and/or induce and/or contribute to the infringement of the '721 patent under 35 U.S.C. § 271(a), (b), and/or (c) either literally or under the doctrine of equivalents.

46.     MSN Labs and MSN Pharma are jointly and severally liable for infringement of the '721 patent under 35 U.S.C. § 271(e)(2)(A).  Upon information and belief, MSN Labs and MSN Pharma actively and knowingly caused to be submitted, assisted with, participated in, contributed to, and/or directed the submission of ANDA No. 214925 seeking to engage in the commercial manufacture, use, sale, or offer for sale within the United States, or importation into the United States, of the MSN Generic Product prior to the expiration of the '721 patent.

47.     MSN filed ANDA No. 214925 without adequate justification for asserting that the '721 patent is invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of the MSN Generic Product.

48.     Moreover, if MSN manufactures, uses, offers for sale, or imports into the United States any of the MSN Generic Product, or induces or contributes to any such conduct, prior to the expiration of the '721 patent, including any applicable exclusivities or extensions, MSN would infringe one or more claims of the '721 patent under 35 U.S.C. § 271(a), (b), and/or (c).

49.     ACADIA is entitled to relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval of MSN's ANDA No. 214925 be a date that is not earlier than the expiration of the '721 patent, or any later expiration of exclusivity for the '721 patent to which ACADIA is or becomes entitled.

50.     ACADIA is entitled to a declaration that, if MSN commercially manufactures, uses, offers for sale, imports, and/or sells the proposed MSN Generic Product within the United States, imports the proposed MSN Generic Product into the United States, and/or induces and/or contributes to such conduct, MSN will infringe one or more claims of the '721 patent under 35 U.S.C. § 271(a), (b), and/or (c).

51.     ACADIA will be irreparably harmed by MSN's infringing activities unless those activities are enjoined by this Court.  ACADIA does not have an adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, ACADIA requests that the Court grant the following relief:

A.     A Judgment that MSN has infringed the '721 patent by submitting ANDA No. 214925 to the FDA;

B.     An Order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any FDA approval of MSN's ANDA No. 214925 will not be earlier than the expiration date of the

'721 patent, or any later expiration of any patent term extension or exclusivity for the '721 patent to which ACADIA is or becomes entitled;

C.      A declaration and judgment that the '721 patent has or will be infringed by MSN's commercial manufacture, use, offer for sale, sale, and/or import of the proposed MSN Generic Product within the United States;

D.      An Order permanently enjoining MSN, its directors, officers, agents, attorneys, affiliates, divisions, successors and employees, and those acting in privity or concert with MSN, from commercially manufacturing, using, offering to sell, selling, marketing, distributing, or importing the MSN Generic Product identified in this Complaint, or any product that infringes or induces or contributes to the infringement of the '721 patent, prior to the expiration of the '721 patent, including any exclusivities or extensions to which ACADIA is or becomes entitled;

E.      That ACADIA be awarded monetary relief to the extent MSN commercially manufactures, uses, offers for sale, or sells within the United States, or imports into the United States, any product that infringes or induces or contributes to the infringement of the '721 patent, within the United States prior to the expiration of the '721 patent, including any later expiration of any patent term extensions or exclusivities for the '721 patent to which ACADIA is or will become entitled, and that any such monetary relief be awarded to ACADIA with prejudgment interest;

F.      A finding that this case is an exceptional case and an award of attorneys' fees in this action pursuant to 35 U.S.C. § 285;

G.      That ACADIA be awarded the costs and expenses that it incurs in prosecuting this action; and

H.      Such other and further relief as this Court may deem just and proper.

DATED: October 21, 2022

SAUL EWING ARNSTEIN & LEHR LLP

/s/ Michelle C. Streifthau-Livizos
James D. Taylor, Jr. (#4009)
Jessica M. Jones (#6246)

OF COUNSEL:

Aubrey J. Morin (#6568)
Michelle Streifthau-Livizos (#6584)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, Delaware 19899
(302) 421-6800
james.taylor@saul.com
jessica.jones@saul.com
aubrey.morin@saul.com
michelle.streifthau-livizos@saul.com

Chad J. Peterman
Bruce M. Wexler
Scott F. Peachman
Rebecca A. Hilgar
Felix A. Eyzaguirre
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
(212) 318-6000
chadpeterman@paulhastings.com
brucewexler@paulhastings.com
scottpeachman@paulhastings.com
rebeccahilgar@paulhastings.com
felixeyzaguirre@paulhastings.com

*Attorneys for Plaintiff ACADIA
Pharmaceuticals Inc.*