IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ACADIA PHARMACEUTICALS INC., Plaintiff, | ) | |
| v. | ) | C.A. No. 22-1388 (GBW) |
| MSN LABORATORIES PRIVATE LTD. and MSN PHARMACEUTICALS, INC., Defendants. | ) | |

**ACADIA PHARMACEUTICALS INC.'S ANSWER TO MSN LABORATORIES PRIVATE LIMITED AND MSN PHARMACEUTICAL INC.'S COUNTERCLAIMS**

Plaintiff ACADIA Pharmaceuticals Inc. ("ACADIA" or "Plaintiff"), by and through its undersigned attorneys, hereby reply to the numbered paragraphs of the counterclaims of Defendant/Counterclaimants MSN Laboratories Private Limited ("MSN Labs") and MSN Pharmaceuticals, Inc. ("MSN Pharma") (collectively, "MSN" or "Defendants"), set forth in "Answer, Affirmative Defenses, and Counterclaims" filed on December 23, 2022 (D.I. 13) (hereinafter, "Counterclaims") as follows:

## NATURE OF THE ACTION

1. ACADIA admits that MSN purport to assert declaratory judgment counterclaims of noninfringement and invalidity of one or more claims of U.S. Patent No. 11,452,721 B2 ("the '721 patent"), but denies that MSN is entitled to any such relief. ACADIA admits that the '721 patent was attached to the initial complaint (D.I. 1). Except as admitted, ACADIA denies the remaining allegations of paragraph 1.

## PARTIES

2. Upon information and belief, ACADIA admits the allegations of paragraph 2.

3. Upon information and belief, ACADIA admits the allegations of paragraph 3.

4. Admitted.

## JURISDICTION AND VENUE

5. Paragraph 5 states legal conclusions for which no response is required. To the extent a response is required, ACADIA admits that the Court has subject matter jurisdiction with respect to MSN's Counterclaims concerning the '721 patent for purposes of this matter only. Except as admitted, ACADIA denies the remaining allegations of paragraph 5.

6. Paragraph 6 states legal conclusions for which no response is required. To the extent a response is required, ACADIA admits that the Court has subject matter jurisdiction with respect to MSN's Counterclaims concerning the '721 patent for the purpose of this matter only. Except as admitted, ACADIA denies the remaining allegations of paragraph 6.

7. Paragraph 7 states legal conclusions for which no response is required. To the extent a response is required, ACADIA does not contest personal jurisdiction in this Court for the purposes of this matter only. Except as admitted, ACADIA denies the remaining allegations of paragraph 7.

8. Paragraph 8 states legal conclusions for which no response is required. To the extent a response is required, ACADIA does not contest venue in this Court for the purposes of this matter only. Except as admitted, ACADIA denies the remaining allegations of paragraph 8.

9. Paragraph 9 states legal conclusions for which no response is required. To the extent a response is required, ACADIA admits that an actual and justiciable controversy exists between ACADIA and MSN regarding MSN's infringement of the '721 patent, and whether those patents are invalid. Except as admitted, ACADIA denies the remaining allegations of paragraph 9.

## FACTUAL BACKGROUND

**FDA Approval of New Brand Name Drugs**

10. MSN's characterization of the law and the practices of the United States Food and Drug Administration ("FDA") is incomplete and/or inaccurate. ACADIA, therefore, denies the allegations of paragraph 10.

11. MSN's characterization of the law and practices of New Drug Application ("NDA") submission to the FDA are incomplete and/or inaccurate. ACADIA, therefore, denies the allegations of paragraph 11.

12. MSN's characterization of the law and practices of NDA submission to the FDA are incomplete and/or inaccurate. ACADIA, therefore, denies the allegations of paragraph 12.

13. MSN's characterization of the law and the practices of the FDA is incomplete and/or inaccurate. ACADIA, therefore, denies the allegations of paragraph 13.

14. MSN's characterization of the law and the practices of the FDA is incomplete and/or inaccurate. ACADIA, therefore, denies the allegations of paragraph 14.

**FDA Approval of New Generic Drugs**

15. Upon information and belief, ACADIA admits that in 1984, Congress enacted the Drug Price Competition and Patent Term Restoration Act of 1984, also known as the Hatch-Waxman Amendments, to the Federal Food, Drug, and Cosmetic Act ("FFDCA"). Except as admitted, ACADIA denies the remaining allegations of paragraph 15.

16. MSN's characterization of the law and practices of Abbreviated New Drug Application ("ANDA") applicants are incomplete and/or inaccurate. ACADIA, therefore, denies the allegations of paragraph 16.

17. MSN's characterization of the law and practices of ANDA applicants are

incomplete and/or inaccurate. ACADIA, therefore, denies the allegations of paragraph 17.

18. MSN's characterization of the law and practices of ANDA applicants are incomplete and/or inaccurate. ACADIA, therefore, denies the allegations of paragraph 18.

19. MSN's characterization of the law and practices of ANDA applicants are incomplete and/or inaccurate. ACADIA, therefore, denies the allegations of paragraph 19.

20. MSN's characterization of the law and practices of ANDA applicants are incomplete and/or inaccurate. ACADIA, therefore, denies the allegations of paragraph 20.

21. MSN's characterization of the law and practices of the FDA is incomplete and/or inaccurate. ACADIA, therefore, denies the allegations of paragraph 21.

22. MSN's characterization of the law and practices of the FDA is incomplete and/or inaccurate. ACADIA, therefore, denies the allegations of paragraph 22.

**MSN's ANDA**

23. Upon information and belief, ACADIA admits the allegations of paragraph 23.

24. ACADIA admits that it is the holder of NDA No. 210793 for NUPLAZID®.

25. ACADIA admits that it is the assignee of the '721 patent.

26. ACADIA admits that MSN sent ACADIA a letter dated June 15, 2020 ("MSN's 6/15 Notice Letter"), pursuant to § 505(j)(2)(B)(iv) of the Federal Food, Drug, and Cosmetic Act and 21 C.F.R. § 314.95. ACADIA admits that MSN's 6/15 Notice Letter notified ACADIA of the filing of ANDA No. 214925 for the MSN ANDA Product and contained Paragraph IV certifications for at least the '615 patent, which is listed in the Orange Book in relation to NUPLAZID®. To the extent not otherwise admitted, ACADIA lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 and therefore denies these allegations.

27. ACADIA admits that MSN sent ACADIA a letter dated June 18, 2020 ("MSN's 6/18 Notice Letter"), pursuant to § 505(j)(2)(B)(iv) of the Federal Food, Drug, and Cosmetic Act and 21 C.F.R. § 314.95. ACADIA admits that MSN's 6/18 Notice Letter notified ACADIA of the filing of ANDA No. 214925 for the MSN ANDA Product and contained Paragraph IV certifications for at least the '480 patent, which is listed in the Orange Book in relation to NUPLAZID®. To the extent not otherwise admitted, ACADIA lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 and therefore denies these allegations.

28. ACADIA admits that MSN's 6/15 Notice Letter and MSN's 6/18 Notice Letter each contained an Offer of Confidential Access. Except as admitted, ACADIA denies the remaining allegations of paragraph 28.

29. ACADIA admits that it filed suit against MSN in *Acadia Pharmaceuticals Inc. v. MSN Laboratories Private Ltd. et al* (C.A. No. 20-1029-RGA), which was later consolidated into *Acadia Pharmaceuticals Inc. v. Aurobindo Pharma Limited et al.* (C.A. No. 20-985-RGA), asserting, *inter alia*, the '480 patent and the '891 patent against MSN. ACADIA admits that ACADIA and MSN stipulated to non-infringement of the '480 and '891 patents, and the Court entered such stipulation on April 26, 2022. *See* C.A. No. 20-985, D.I. 176. Otherwise, denied.

30. ACADIA admits that the Court issued a Memorandum Opinion regarding the constructions of certain claim terms in the '480 and '891 patents in C.A. No. 20-985 ("Memorandum Opinion"). *See* C.A. No. 20-985, D.I. 152. ACADIA further admits that ACADIA and MSN stipulated to non-infringement of the '480 and '891 patents, which the Court entered on April 26, 2022. *See* C.A. No. 20-985, D.I. 176. MSN's selective quote and characterization of the joint stipulation between Counterclaim Defendant and MSN in the C.A. No. 20-985 case is

incomplete and/or inaccurate, and for that reason ACADIA denies the remaining allegations of paragraph 30.

31. ACADIA admits the allegations of paragraph 31.

32. ACADIA admits the allegations of paragraph 32.

33. Paragraph 33 states legal conclusions for which no response is required. To the extent a response is required, ACADIA admits that there is an actual and justiciable controversy between ACADIA and MSN as to whether the ’721 patent is invalid and whether this patent is infringed by MSN. Except as admitted, ACADIA denies the remaining allegations of paragraph 33.

**FIRST COUNT**
**(Declaratory Judgment of Noninfringement of the ’721 Patent)**

34. ACADIA restates and incorporates herein its answers to each allegation of paragraphs 1 through 33.

35. Paragraph 35 states legal conclusions for which no response is required. To the extent a response is required, ACADIA admits that the Court has declaratory judgment jurisdiction over MSN’s Counterclaims as to the ’721 patent for purposes of this action only. Except as admitted, ACADIA denies the remaining allegations of paragraph 35.

36. ACADIA admits it is the owner of the ’721 patent and has brought claims against MSN alleging infringement of the ’721 patent.

37. ACADIA denies the allegations of paragraph 37.

38. ACADIA denies the allegations of paragraph 38.

39. Paragraph 39 states legal conclusions for which no response is required. To the extent a response is required, ACADIA denies the allegations of paragraph 39.

40. Paragraph 40 states legal conclusions for which no response is required. To the

extent a response is required, ACADIA denies the allegations of paragraph 40.

41. Paragraph 41 states legal conclusions for which no response is required. To the extent a response is required, ACADIA admits that there is a present and justiciable controversy between ACADIA and MSN as to whether the claims of the '721 patent are invalid or infringed by MSN. Except as admitted, ACADIA denies the remaining allegations of paragraph 41.

42. ACADIA denies the allegations of paragraph 42.

**SECOND COUNT**
**(Declaratory Judgment of Invalidity of the '721 Patent)**

43. ACADIA restates and incorporates herein its answers to each allegation of paragraphs 1 through 42.

44. Paragraph 44 states legal conclusions for which no response is required. To the extent a response is required, ACADIA admits that the Court has declaratory judgment jurisdiction over MSN's Counterclaims as to the '721 patent for purposes of this action only. Except as admitted, ACADIA denies the remaining allegations of paragraph 44.

45. ACADIA admits it is the owner of the '721 patent and has brought claims against MSN alleging infringement of the '721 patent.

46. ACADIA denies the allegations of paragraph 46.

47. ACADIA denies the allegations of paragraph 47.

48. ACADIA denies the allegations of paragraph 48.

49. ACADIA denies the allegations of paragraph 49.

**THIRD COUNT**
**(Unclean Hands)**

50. ACADIA restates and incorporates herein its answers to each allegation of paragraphs 1 through 49.

51. Paragraph 51 states legal conclusions for which no response is required. To the extent a response is required, ACADIA admits that the Court has declaratory judgment jurisdiction over MSN's Counterclaims as to the '721 patent for purposes of this action only. Except as admitted, ACADIA denies the remaining allegations of paragraph 51.

52. ACADIA admits it is the owner of the '721 patent and has brought claims against MSN alleging infringement of the '721 patent.

53. ACADIA admits the allegations of paragraph 53.

54. ACADIA admits the allegations of paragraph 54.

55. ACADIA admits the allegations of paragraph 55.

56. ACADIA admits the allegations of paragraph 56.

57. ACADIA admits that the Court entered a Stipulated Protective Order on February 9, 2021 (hereinafter "Protective Order"), which states in part that "[a]ll information designated as Confidential Information or Highly Confidential Information by the Producing Party or Third Party pursuant to this Order and disclosed in this Litigation shall be used by the Receiving Party solely for the purposes of prosecuting, defending, or attempting to settle this Litigation (including using such information for evaluating the assertion of additional patents in this Litigation or separate actions) and in any related appellate proceeding, and not for any other purpose whatsoever, except as permitted by order of the Court, or as agreed by the Parties." *See* C.A. No. 20-985, D.I. 31. ACADIA notes that MSN's characterization of the Protective Order is incomplete and/or inaccurate, and for that reason denies the remaining allegations of paragraph 57.

58. ACADIA admits that the Protective Order states in part that "[a]bsent written consent from the Producing Party, any attorney, patent agent, independent Expert, or other person who receives Confidential Information or Highly Confidential Information shall not (1) be

involved in Patent Prosecution pertaining to pimavanserin (including its salts), crystalline forms of pimavanserin, formulations containing pimavanserin, and methods of treatment including pimavanserin and (2) have any involvement in preparing or submitting any Citizen Petition relating to pimavanserin during the pendency of this Litigation and for one (1) year after the termination of this Litigation, including any appeals." *See* C.A. No. 20-985, D.I. 31. ACADIA notes that MSN's characterization of the Protective Order is incomplete and/or inaccurate, and for that reason denies the remaining allegations of paragraph 58.

59. ACADIA admits the allegations of paragraph 59.

60. ACADIA admits that subject to the Protective Order, MSN produced some documents MSN identified as "MSN's confidential information including highly confidential product formulation information" no later than March 3, 2021. Otherwise, denied.

61. ACADIA admits that in the C.A. No. 20-985 case the parties engaged in claim construction briefing in the late part of 2021 and in the early part of 2022. ACADIA further admits that a Markman hearing was held before the Honorable Judge Richard G. Andrews on February 23, 2022. Otherwise, denied.

62. Paragraph 62 states legal conclusions for which no response is required. To the extent a response is required, ACADIA admits that ACADIA and MSN stipulated to non-infringement of the '480 and '891 patents, and the Court entered such stipulation on April 26, 2022. *See* C.A. No. 20-985, D.I. 176. Otherwise, denied.

63. Paragraph 63 states legal conclusions for which no response is required. To the extent a response is required, ACADIA admits that ACADIA and MSN stipulated to non-infringement of the '480 and '891 patents, and the Court entered such stipulation on April 26, 2022. *See* C.A. No. 20-985, D.I. 176. Otherwise, denied.

64. Paragraph 64 states legal conclusions for which no response is required. To the extent a response is required, ACADIA admits that the Court issued the Memorandum Opinion, which states in part that "[t]he patentee repeatedly and unambiguously disclaimed pimavanserin tartrate granulated with excipients." *See* C.A. No. 20-985, D.I. 152. ACADIA notes that MSN's characterization of the Memorandum Opinion is incomplete and/or inaccurate, and for that reason denies the remaining allegations of paragraph 64.

65. ACADIA admits that the Court issued a Memorandum Opinion which, in part, cites to prosecution history entries filed as D.I. 125-4, 125-5, 125-7, 125-8, 125-10, 125-14, and 125-15. ACADIA notes that MSN's characterization of the Memorandum Opinion is incomplete and/or inaccurate, and for that reason denies the remaining allegations of paragraph 65.

66. Paragraph 66 states legal conclusions for which no response is required. ACADIA admits that Patent Application No. 17/693,830 was filed on March 24, 2022. ACADIA denies the remaining allegations of paragraph 66.

67. ACADIA admits that Patent Application No. 17/693,830, which led to the '721 patent, was filed on March 24, 2022. ACADIA denies the remaining allegations of paragraph 67.

68. ACADIA admits that Patent Application No. 17/693,830, which led to the '721 patent, was filed on March 24, 2022. ACADIA denies the remaining allegations of paragraph 68.

69. Paragraph 69 states legal conclusions for which no response is required. To the extent a response is required, ACADIA denies the allegations of paragraph 69.

70. Paragraph 70 states legal conclusions for which no response is required. To the extent a response is required, ACADIA acknowledges that MSN purports claim 1 of the '721 patent to be exemplary, and admits that MSN has accurately quoted the language of claim 1 of the '721 patent. Otherwise, denied.

71. ACADIA denies the allegations of paragraph 71.

72. ACADIA denies the allegations of paragraph 72.

73. ACADIA denies the allegations of paragraph 73.

74. Paragraph 74 states legal conclusions for which no response is required. To the extent a response is required, ACADIA denies the allegations of paragraph 74.

75. Paragraph 75 states legal conclusions for which no response is required. To the extent a response is required, ACADIA denies the allegations of paragraph 75.

76. Paragraph 76 states legal conclusions for which no response is required. To the extent a response is required, ACADIA denies the allegations of paragraph 76.

77. ACADIA denies the allegations of paragraph 77.

78. Paragraph 76 states legal conclusions for which no response is required. To the extent a response is required, ACADIA admits that Patent Application No. 17/693,830, which led to the ’721 patent, was filed on March 24, 2022. ACADIA denies the remaining allegations of paragraph 78.

79. ACADIA denies the allegations of paragraph 79.

80. ACADIA denies the allegations of paragraph 80.

81. ACADIA denies the allegations of paragraph 81.

82. Paragraph 82 states legal conclusions for which no response is required. To the extent a response is required, ACADIA admits that there is a present and justiciable controversy between ACADIA and MSN as to whether the claims of the ’721 patent are invalid or infringed by MSN. Except as admitted, ACADIA denies the remaining allegations of paragraph 82.

83. ACADIA denies the allegations of paragraph 83.

**PRAYER FOR RELIEF**

ACADIA denies that MSN is entitled to any of the relief requested in its Prayer for Relief or any remedy or relief whatsoever.

* * *

ACADIA denies each and every allegation of MSN's Counterclaims not expressly admitted or otherwise responded to above.


SAUL EWING LLP

/s/ *Michelle C. Streifthau-Livizos*
James D. Taylor, Jr. (#4009)
Jessica M. Jones (#6246)
Michelle C. Streifthau-Livizos (#6584)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, Delaware 19899
(302) 421-6800
james.taylor@saul.com
jessica.jones@saul.com
michelle.streifthau-livizos@saul.com

*Attorneys for Plaintiff*
*ACADIA Pharmaceuticals Inc.*

OF COUNSEL:

Chad J. Peterman
Bruce M. Wexler
Scott F. Peachman
Rebecca A. Hilgar
Felix A. Eyzaguirre
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166


January 13, 2023